STEELE BRIGGS SEED CO., Limited, v. SPURWAY.

District Court, S. D. Iowa, S. D. July 25, 1928.

No. 4059.

Stipe, Davidson & Davidson, of Clarinda, Iowa, for plaintiff.

Thornell, Thornell & Adams, of Sidney, Iowa, for defendant.

DEWEY, District Judge. The plaintiff herein files a bill of complaint, asking that he be allowed a preferred claim, and that such claim be impressed as a trust against the assets in the hands of the defendant receiver for the amount of $5,247.24, together with interest and protest fees, on a draft which was executed in payment therefor. The facts in this case are stipulated, and in substance are as follows:

That on the 9th day of October, 1926, plaintiff shipped a carload of alfalfa seed to the Berry Seed Company at Clarinda, Iowa; that a sight draft was drawn for the payment of said seed in favor of the Standard Bank of Toronto, Canada, in the principal sum of $5,247.24, which said sight draft, together with bill of lading for said carload of seed, arrived in the usual course of business through the First National Bank of St. Louis and the Clarinda National Bank of Clarinda, Iowa, on the 16th day of November, 1926; that said car of seed arrived on November 17, 1926, and was unloaded and received by the Berry Seed Company on November 18, 1926.

On November 24, 1926, the Clarinda National Bank received a check for the amount, and in payment of said sight draft from the Berry Seed Company at Clarinda, Iowa. Said check was drawn on the funds and charged to the account of the Berry Seed Company then in the Clarinda National Bank. That there were sufficient funds to the credit of the Berry Seed Company in said bank at that time to pay said sum. That also on said 24th day of November, 1926, the Clarinda National Bank issued a draft for the purpose of making payment of said sum, made payable to the First National Bank of St. Louis, Mo., and drawn on the Chase National Bank of New York City. That on the 24th day of November, 1926, and up to the time of the closing of said bank, there was on deposit in the Chase National Bank of New York City more funds than sufficient to meet said draft to the credit of the Clarinda National Bank of Clarinda, Iowa.

On presentation of said draft, payment thereon was refused because of the closing

of the Clarinda National Bank, which occurred on the 26th day of November, 1926. Plaintiff is the owner of the claim, and it has never been paid, except for a 20 per cent. dividend paid by the defendant receiver on its claim as a general claim against the Clarinda National Bank. The defendant herein was appointed receiver of said Clarinda National Bank shortly after its closing, and is still receiver thereof. The letter of transmittal of said sight draft from the said National Bank of St. Louis to the Clarinda National Bank was for collection and return.

At the time the Clarinda National Bank closed its doors, the check of the Berry Seed Company in said amount of $5,247.24, given in payment of said sight draft, had not been charged to the account of the Berry Seed Company, and was not charged to the account of the Berry Seed Company until the receiver took charge of said bank. The said check was by him charged against the account of the Berry Seed Company then standing to the credit of the said Berry Seed Company in the said Clarinda National Bank.

From this statement of facts there can be little doubt but that the transaction was that of a principal and agent, as is shown by the letter of transmittal to the insolvent collection bank, being for collection and return.

■ The difficulty of plaintiff's position is that the facts shown establish that no funds came into the hands of the receiver from the transaction, and that the estate in his hands was in no way augmented thereby. The following cases establish the rule that a bank holding a draft for collection and return, which accepts a check of the drawee, one of its depositors, and, without separating the amount from the general mass of its moneys, charges the same to the drawee, holds the money as agent for the drawer, and not as trustee, and after the bank becomes insolvent the drawer is a mere general creditor, and not entitled to priority of payment out of the bank's assets. Larabee Flour Mills v. First Nat. Bank of Henryetta, Okl. (C. C. A.) 13 F.(2d) 330; Empire State Surety Co. v. Carroll County, et al. (C. C. A.) 194 F. 593, 606; Mechanics' National Bank v. Buchanan (C. C. A.) 12 F.(2d) 891, 893.

■ Neither can it be said that, because the Berry Seed Company check had not been debited on the books of the bank before it was closed, but was in the bank at the time the assets were taken over by the receiver, it augmented the assets of the bank coming into the hands of the receiver. There was nothing the receiver could do with the Berry Seed Company check that would enhance or increase the cash assets coming into his hands. The transaction had been completed by the issuance of the draft on the New York bank before the bank closed, and the fact that the officers of the bank had inadvertently failed to debit the bank's account with the Berry Seed Company's check was only a matter of bookkeeping, as the effect of the transaction was to deplete the Berry Seed Company account in that amount, and the subsequent entry by the receiver on the books was but a ministerial act.

We are unable to give the effect to the decision in the case of Commercial Bank v. Armstrong, 148 U. S. 50, 59, 13 S. Ct. 533, 37 L. Ed. 363, that is claimed for it by the plaintiff. That case holds that, where an arrangement was made between banks whereby the collecting bank was to have a right to hold the money and make settlement at stated periods with the sending bank, the use of such collected money was not unlawful, and no trust relation existed. This case is referred to and cited in subsequent cases decided by the Circuit Court of Appeals of this circuit, and we are unable to find that said case holds that collection of the seed company check from its account would be a collection of the check from the general funds in the hands of the insolvent collecting bank, which were then on deposit in the Chase National Bank of New York City.

■ Some claim is also made by plaintiff to the effect that the issuance of the draft on the Chase National Bank of New York City was an assignment pro tanto of the amount of the draft. Plaintiff in this case does not attempt to follow the money in the Chase National Bank as coming into the hands of the defendant receiver; and the cases generally hold that a draft until accepted by the drawee is not an assignment of funds. 5 C. J. p. 920, § 82.

It follows that plaintiff's petition must be dismissed on its merits, because of its inability to trace any fund or make any showing that the estate of the bank has been augmented, or that any funds which can be reached by the plaintiff have come into the hands of the defendant receiver. Plaintiff excepts.